IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) | CIVIL NO. 12-00227 SOM-KSC |
| | ) | |
| | ) | FINDINGS AND |
| Plaintiff, | ) | RECOMMENDATION TO REMAND |
| | ) | ACTION TO STATE COURT |
| vs. | ) | |
| | ) | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; ASSOCIATION OF APARTMENT OWNERS OF HALEANI VILLAGE AT PUHI; MILLICENT MOANA ANDRADE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-50; DOE ENTITIES 1-10; DOE GOVERNMENTAL UNITS 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO
REMAND ACTION TO STATE COURT

Plaintiff U.S. Bank National Association
("Plaintiff") commenced this foreclosure action on
April 2, 2012, in the Circuit Court of the Fifth
Circuit, State of Hawaii.  On May 2, 2012, Defendant
Millicent Andrade ("Defendant") filed a Notice of
Removal ("Notice") in this court based on federal
question jurisdiction.  In the Notice, Defendant also

states that "[t]he Complaint presents questions arising under federal law and it originally could have been filed in this court.  More specifically, the Complaint states causes of action under 28 U.S.C. § 1332(a)(1)(2), in where a diversity of citizenship, and the amount in controversy is $291,920.00."  Notice at ¶ 6.

On November 1, 2012, this Court issued an Order to Show Cause ("OSC") why the case should not be remanded for lack of jurisdiction.  The Court ordered Defendant to file a memorandum no later than November 14, 2012, stating what law supports the removal of this case and to respond to the question of whether she is a citizen of Hawaii.  Defendant untimely submitted a response on November 15, 2012.  She concedes that removal was inappropriate, but blames Plaintiff for failing to seek remand.  Defendant believes that remand would be prejudicial.[1]  None of the arguments presented

---

[1]  Defendant also requests that sanctions issue against Plaintiff for lack of diligence.  The Court DENIES this request.  The applicable legal authority actually supports an award of attorneys' fees and costs

by Defendant support the retention of the case in federal court.

Having reviewed the record in this case, along with Defendant's response, the Court HEREBY RECOMMENDS that the district court REMAND this action to state court.

Defendant removed the instant case pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  Section 1441 provides, in pertinent part:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.--(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

---

against Defendant for improperly removing the case. However, because Defendant is pro se, the Court declines to award fees and costs.

3

>        (2) A civil action otherwise removable
>        solely on the basis of the jurisdiction
>        under section 1332(a) of this title **may
>        not be removed if any of the parties in
>        interest properly joined and served as
>        defendants is a citizen of the State in
>        which such action is brought**.

28 U.S.C. § 1441 (a), (b) (emphasis added).  Section

1441 is strictly construed against removal and courts

resolve any doubts about the propriety of removal in

favor of remanding the case to state court.  See Durham

v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir.

2006).  The party seeking to remove the case bears the

burden of establishing the existence of federal

jurisdiction.  See California ex rel. Lockyer v.

Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert.

denied, 544 U.S. 974 (2005).  Defendant has failed to

meet her burden.

       First, to the extent that removal in this case

may be premised on federal question jurisdiction,

removal is improper.  "A case 'arises under' federal

law only if the federal question appears on the face of

the plaintiff's well-pleaded complaint."  Takeda v.

4

Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821
(9th Cir. 1985) (citations omitted).  That is, "[t]he
federal question 'must be disclosed upon the face of
the complaint, unaided by the answer or by the petition
for removal.'"  Id. at 822 (citation omitted).  A
counter-claim presenting a federal question does not
create removability.  Id.  Here, the Complaint only
contains a state law foreclosure claim.  Consequently,
even if Defendant were to allege defenses based on
federal law or allege federal claims in a counter-claim
or other pleading, removal jurisdiction would not
exist.

        Second, to the extent that jurisdiction may be
based on diversity of citizenship, removal appears to
be improper.  Defendant resides in Hawaii, and no
information before the Court suggests that she is a
citizen of a state other than Hawaii.  Actions based on
diversity jurisdiction may only be removed if none of
the properly joined and served defendants is a citizen
of the state in which the action is brought.  28 U.S.C.

§ 1441(b).  Because the record suggests that Defendant is a citizen of Hawaii, and she has not refuted the Court's assumption, even though she was provided with ample opportunity to do so, the Court finds that § 1441(b) precludes removal of the action.

Based on the foregoing, the Court finds that Defendant improperly removed this action.  Insofar as jurisdiction is lacking, this Court recommends that the district court remand the action to the Fifth Circuit Court, State of Hawaii.  See 28 U.S.C. § 1447(c).

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, November 16, 2012.



Kevin S.C. Chang
United States Magistrate Judge

U.S. National Bank Nat'l Ass'n v. MERS, et al.; CIVIL NO. 12-00227 SOM-KSC; FINDINGS AND RECOMMENDATION TO REMAND ACTION TO STATE COURT

6